| DONNA BROWN | * | NO. 2019-C-0447 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| RALPH CHESSON, M.D. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**BELSOME, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority opinion, which finds that the trial court erred in denying the defendant's exceptions of insufficiency of service of process and prescription. Given that the trial court correctly denied the exceptions, I would deny the writ application.

In addressing the exception of insufficiency of service of process, the defendant argues that he is a State employee; therefore, the plaintiff was required to serve his department head, the Attorney General and the Office of Risk Management within ninety days of the commencement of the action. He concludes that since these entities were not timely served, the suit must be dismissed.

In the petition for damages, the plaintiff, Donna Brown, named Ralph R. Chesson M.D. as the defendant. Significantly, she did not name the defendant in his capacity as an employee of the State of Louisiana, the State, or any agency of the State in her lawsuit. As a result, she had no obligation to effect service on the State pursuant to La. R.S. 39:1538[1] or La. R.S. 13:5107.[2] Those statutes provide for service upon the head of the department, the Office of Risk Management, and

---

[1] La R.S. 39:1538 requires service upon the head of the department, the Office of Risk Management, and the Attorney General when there is a claim against the State or its agencies for negligent or wrongful acts or omissions of any employee of the agency while acting within the scope of his office or employment.

[2] La. R.S. 13:5107 provides that service **may** be perfected upon the Attorney General or the department head when there is a suit against the State or its agencies.

1

the Attorney General when there is a claim or suit against the State or a State agency. Since there is no claim against the State or a State agency, the service obligations required under La. R.S. 39:1538 and La. R.S. 13:5107 were not triggered. Accordingly, the trial court was correct in denying the defendant's exception of insufficiency of service of process.

Turning to the exception of prescription, the defendant argues that since the State entities were not named in the lawsuit, prescription has tolled warranting dismissal of the suit. Given that the State is not a named party to this suit, any issue concerning prescription as to a non-party is premature. Significantly, the parties do not dispute that the lawsuit was timely filed and served upon the named Defendant, Dr. Chesson. As such, the trial court correctly denied the exception of prescription.

Given that the trial court correctly denied the defendant's exceptions of insufficiency of service of process and prescription, I would deny the writ application. For these reasons, I respectfully dissent.